IN THE UNITED STATES DISTRICT COURT
FOR DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES DEPARTMENT OF AGRICULTURE,<br><br>*Plaintiff*,<br><br>v.<br><br>CARLOS A. GONZÁLEZ RIVERA, *et al.*,<br><br>*Defendants*. | CIVIL NO. 25-1145 (JAG)<br><br>FORECLOSURE OF MORTGAGE IN REM<br><br>DEMAND FOR JURY TRIAL |

**DEFENDANT CARLOS GONZÁLEZ'S COMBINED CROSS-MOTION FOR MODIFICATION OF CASE MANAGEMENT SCHEDULE AND OPPOSITION TO PLAINTIFF'S MOTION REQUESTING EXTENSION OF TIME TO RESPOND TO DEFENDANT'S DISCOVERY REQUESTS**

Defendant Carlos A. González Rivera opposes Plaintiff U.S. Department of Agriculture's ("USDA") motion requesting a one-sided extension of time for responding to discovery requests and cross-moves instead for a revised case management schedule under Federal Rule of Civil Procedure 16(b)(4) and Local Rule 16(i)(1) to avoid the undue prejudice and inequity explained herein.

Just two months ago, Defendant explained to USDA that

> [Defendant's] counterclaims and defenses raise complex factual issues . . . which arise from an extensive written record spanning over twenty years and several witnesses. Defendant anticipates the production of thousands of pages of documents and the deposition of approximately six witnesses. Accordingly, Defendant requests ample time to pursue written discovery and depositions before the scheduled trial date, as outlined in Defendant's proposed deadlines.

Joint Proposed Initial Scheduling Memo at 6–7 (Dkt. No. 43). Nonetheless, USDA pressed its expedited discovery schedule, and the Court adopted USDA's schedule in a July 13, 2026 Case Management Order (Dkt. No. 44).

Now, under its own expedited schedule, USDA seeks a post hoc 45-day extension for its very first deadline to respond to Defendant's two sets of interrogatories and requests for the production of documents and one set of requests for admission.[1] Pl.'s Mot. Requesting Extension (Dkt. No. 45) (hereinafter "Pl. Mot."). Confirming Defendant's prior concerns, USDA claims that it needs the additional 45 days to

> consult and coordinate with multiple individuals, identify and collect responsive information and documents, evaluate any applicable objections, and prepare complete and accurate responses on behalf of a federal agency.

Pl. Mot. ¶ 4. USDA's request glaringly omits the prejudice such an extension would inflict on Defendant without commensurate extensions of other case management deadlines. Namely, Defendant timely noticed eight witness depositions—including a Rule 30(b)(6) deposition—to be conducted in September before the currently scheduled discovery closure on September 30, 2026. USDA's requested extension would have Defendant conducting those depositions without any USDA document productions to inform and direct them, as is the normal course of discovery, and USDA fails to explain how it can adequately prepare a Rule 30(b)(6) witness without first gathering all the necessary documentation to educate that witness. Moreover, USDA does not propose an identical discovery extension for Defendant to avoid an inequitable outcome where USDA receives ample additional time to prepare its own discovery responses and review Defendant's discovery responses and productions but Defendant gets no such benefit.

Accordingly, to avoid the aforementioned prejudice and inequity and to allow Defendant adequate time to review USDA's delayed discovery responses and productions before then

[1] USDA's motion wrongly suggests Defendant served only one set of requests for production. Pl. Mot. ¶ 3. In fact, Defendant served a first set of interrogatories and first set of requests for production on July 21, 2026, and served a second set of interrogatories, a second set of requests for production, a first set of requests for admission, and numerous subpoenas on July 31, 2026.

proceeding with depositions, Defendant proposes the following modifications to the case management schedule:

| Event | Current deadline | Amended deadline (if any) |
|---|---|---|
| Notifying interrogatories, requests for production of documents, requests for admissions, and depositions | 7/31/2026 | No change |
| Responses to all current discovery requests by all parties | 8/20/2026 & 8/31/2026 | 10/05/2026 |
| Conclusion of Discovery, including completion of all depositions rescheduled due to USDA production delays | 9/30/2026 | 11/13/2026 |
| Amendment of Pleadings/Joinder of Parties | 10/31/2026 | No change |
| Filing of Dispositive Motions | 12/31/2026 | 1/15/2027 |
| Oppositions to Dispositive Motions | 1/31/2027 | 2/12/2027 |
| Joint Proposed Pretrial Order | 5/27/2027 | No change |
| Pretrial/Settlement Conference | 6/10/2027 | No change |
| Jury Trial | 6/28/2027 | No change |

To account for the approximately 45-day discovery delay, Defendant proposes that the deadlines for filing and opposing dispositive motions be postponed approximately 15 days, as indicated above.

**CONCLUSION**

For all the foregoing reasons, Defendant respectfully requests that this Court deny Plaintiff's motion, grant this cross-motion, and order a new case management schedule as outlined above for good cause shown. *See Autoridad de Carreteras y Transportacion v. Transcore Atl., Inc.*, 319 F.R.D. 422, 440 (D.P.R. 2016) (granting schedule modification based on parties' "mutual interest").

Dated: August 28, 2026

/s/ José Ernesto Colón Villafañe
JOSÉ ERNESTO COLÓN VILLAFAÑE
USDC-PR No. 308712
PO Box 9024024
San Juan, Puerto Rico 00902-4024
EMAIL: info@foodandfiberlaw.com
TELEPHONE: (787) 505-3389
*Counsel for Defendant Carlos A. González Rivera*